JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

Erika Norman, CA Bar # 268425
Trial Attorney
Natural Resources Section
4 Constitution Square
150 M Street, N.E., Suite 2.900
Washington, D.C. 20002
Phone: (202) 305-0475
Fax: (202) 514-8865
Erika.Norman@usdoj.gov

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SOUTHEAST ALASKA CONSERVATION COUNCIL; ALASKA RAINFOREST DEFENDERS; CENTER FOR BIOLOGICAL DIVERSITY; SIERRA CLUB; DEFENDERS OF WILDLIFE; ALASKA WILDERNESS LEAGUE; NATIONAL AUDUBON SOCIETY; and NATURAL RESOURCES DEFENSE COUNCIL, | Case No. 1:19-cv-00006-SLG <br><br> ANSWER TO COMPLAINT |
| Plaintiffs, | |
| v. | |
| UNITED STATES FOREST SERVICE; UNITED STATES DEPARTMENT OF AGRICULTURE; DAVID SCHMID, in his official capacity as United States Forest Service Region 10 Regional Forester; and EARL STEWART, in his official capacity as Supervisor for the Tongass National Forest, | |
| Defendants. | |

Defendants hereby respond to the allegations in the Complaint (ECF No. 1) filed by Plaintiffs in the above-captioned action under Federal Rule of Civil Procedure 8(b). The numbered paragraphs in this Answer correspond to the numbered paragraphs of the Complaint.

## "SUMMARY"

1. The allegations in Paragraph 1 constitute Plaintiffs' characterization of the case to which no response is required.

2. In the first sentence of Paragraph 2, Defendants admit that the Project includes old-growth and second-growth logging. Defendants deny the remaining allegations in the first sentence. Defendants admit the allegations in the second through fifth sentences. Defendants admit the allegations in the sixth sentence, but clarify that about 35 miles would be new road construction and about 129 miles would be temporary road construction. The allegations in the seventh sentence characterize the Record of Decision, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with that document.

3. Defendants admit the allegations in the first and second sentences of Paragraph 3. In the third sentence, Defendants admit that habitat capability, including for wolf and deer, have been reduced in the Project area for reasons that include timber harvesting and road building, but deny the remaining allegations in the third sentence. Defendants deny the allegations in the fourth, fifth, and sixth sentences.

4. Defendants deny the allegations in Paragraph 4.

5. The allegations in the first sentence constitute legal conclusions to which no response is required. The allegations in the second sentence characterize the 2016 Amended Forest Plan, which speaks for itself and is the best evidence of its contents. Defendants deny any

allegations inconsistent with that document. Defendants deny the allegations in the third and fourth sentences of Paragraph 5.

6. Defendants deny the allegations in Paragraph 6.

## "JURISDICTION, RIGHT OF ACTION, AND VENUE"

7. The allegations in Paragraph 7 are conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 7.

8. The allegations in Paragraph 8 are statements of venue, to which no response is required.

## "PLAINTIFFS"

9. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 and therefore deny them.

10. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10 and therefore deny them.

11. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11 and therefore deny them.

12. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12 and therefore deny them.

13. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13 and therefore deny them.

14. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 and therefore deny them.

15. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15 and therefore deny them.

16. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 and therefore deny them.

17. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17 and therefore deny them.

18. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 18 and therefore deny them. The allegations in the third sentence are Plaintiffs' characterization of their case to which no response is required. To the extent a response is required, Defendants deny the allegations and deny any violation of law.

19. The allegations in the first clause of the first sentence of Paragraph 19 are vague and defendants deny them on this basis. Defendants admit that Plaintiffs participated in the administrative process for the Project. Defendants admit the allegations in the second and third sentences of Paragraph 19. The allegations in the fourth sentence are conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations in the fourth sentence of Paragraph 19. The allegations in the fifth sentence of Paragraph 19 constitute Plaintiffs' characterization of the case and requested relief, to which no response is required. To the extent a response is required, Defendants deny the allegations, deny any violation of law, and deny that Plaintiffs are entitled to the requested relief or any relief whatsoever.

## "DEFENDANTS"

20. Defendants admit the allegations in Paragraph 20.

21. Defendants admit the allegations in Paragraph 21.

22. The allegations in the first sentence of Paragraph 22 constitute Plaintiffs' characterization of the case to which no response is required. Defendants deny the allegations in the second sentence.

23. The allegations in the first sentence of Paragraph 23 constitute Plaintiffs' characterization of the case to which no response is required. Defendants admit the allegations in the second sentence.

## "FACTS"

24. Defendants admit the allegations in the first through fourth sentences of Paragraph 24. In the fifth sentence, Defendants admit that timber harvest, among other factors, has contributed to habitat loss in the Project area. Defendants deny the remaining allegations in the fifth sentence.

25. In the first sentence of Paragraph 25, Defendants admit that commercial fishing and fish processing, recreation, and tourism are sources of employment in some communities in Southeast Alaska. Defendants deny the remaining allegations in the first sentence. In the second sentence, Defendants admit that many residents in the Project area practice subsistence hunting and fishing, but deny the remaining allegations in that sentence. In the third sentence, Defendants admit that some residents of Prince of Wales and nearby islands use parts of the Project area for hunting, fishing, and gathering. Defendants deny the remaining allegations in the third sentence of Paragraph 25.

26. Defendants admit the allegations in Paragraph 26.

27. Defendants admit the allegations in Paragraph 27.

28. Defendants admit the allegations in Paragraph 28.

29. Defendants admit that the Project includes habitat restoration and recreation improvements, among other activities. Defendants deny the remaining allegations in Paragraph 29.

30. In the first sentence of Paragraph 30, Defendants admit that full implementation of the selected alternative would contribute to some reduction in habitat in the Project area, but deny the remaining allegations in that sentence. Defendants admit the allegations in the second sentence of Paragraph 30. Defendants deny the allegations in the third sentence of Paragraph 30. The allegations in the fourth sentence characterize the Final Environmental Impact Statement ("FEIS") and the Record of Decision, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with those documents.

31. The allegations in Paragraph 31 characterize the Draft Environmental Impact Statement ("DEIS") and FEIS, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with those documents.

32. The allegations in Paragraph 32 characterizes the FEIS, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with that document.

33. Defendants deny the allegations in the first sentence of Paragraph 33. The second sentence characterizes the Implementation Plan, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with that document.

34. The allegations in the first and third sentences of Paragraph 34 characterize judicial opinions in three other lawsuits, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with those documents. The allegations in the second sentence characterize other Tongass timber sale EISs, which speak for

themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with those documents.

35. The allegations in Paragraph 35 characterize the 1997 Land and Resource Management Plan, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with that document.

36. The allegations in Paragraph 36 characterize the 1997 Land and Resource Management Plan and the 2008 amendment, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with those documents.

37. The allegations in Paragraph 37 characterize the 2016 Land and Resource Management Plan, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with that document.

38. The allegations in Paragraph 38 characterize the 1997, 2008, and 2016 the Land and Resource Management Plans, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with those documents. Separately, Defendants deny the allegations in Paragraph 38.

39. Defendants admit the allegations in Paragraph 39.

40. The allegations in the first sentence of Paragraph 40 characterizes the DEIS and FEIS, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with those documents. The allegations in the second sentence are vague and Defendants deny them on that basis. Defendants deny the allegations in the third sentence of Paragraph 40.

41. The allegations in the first sentence characterize the Administrative Record, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations

inconsistent with those documents. Defendants deny the allegations in the second sentence of Paragraph 41.

42. Defendants admit the allegations in the first sentence of Paragraph 42. Defendants admit that maps were provided at the workshop. The remaining allegations in the second sentence characterize the maps, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with those documents. Defendants admit the allegations in the third sentence, but clarify that Defendants now intend to offer approximately 35 mmbf of old-growth timber in the first sale. The allegations in the fourth sentence characterize information posted on a government website, which speaks for itself and is the best evidence of its contents. Defendants admit the allegations in the fifth sentence.

43. Defendants admit the allegations in the first sentence of Paragraph 43. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence and therefore deny them.

## "COUNT I"
## "(National Environmental Policy Act)"

44. The allegations in Paragraph 44 characterize and quote from NEPA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with that statute.

45. The allegations in Paragraph 45 characterize the NEPA regulations, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with those regulations.

46. The allegations in the first and second sentence of Paragraph 46 characterize the FEIS, which speaks for itself and is the best evidence of its contents. Defendants deny any

allegations inconsistent with that document.  Defendants deny the allegations in the third sentence of Paragraph 46.

47. Defendants deny the allegations in the first through third sentences of Paragraph 47.  The allegations in the fourth sentence constitute conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations and deny any violation of law.

## "COUNT II"
## "(Alaska Interest Lands Conservation Act)"

48. The allegations in Paragraph 48 characterize ANILCA which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendants deny the allegations.

49. The first sentence of Paragraph 49 characterizes the FEIS and Record of Decision, which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with those documents.  Defendants admit the allegations in the second sentence.

50. The allegations in the first and second sentence of Paragraph 50 characterize the FEIS, which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with that document.  Defendants deny the allegations in the third sentence of Paragraph 50.

51. Defendants deny the allegations in the first through third sentences of Paragraph 51.  The allegations in the fourth and fifth sentences constitute conclusions of law, to which no response is required.  To the extent a response is required, Defendants deny the allegations and deny any violation of law.

## "COUNT III"

## "(National Forest Management Act)"

52. The allegations in the first sentence of Paragraph 52 characterize and quote from NFMA, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with that statute. To the extent a response is required, Defendants deny the allegations. Defendants admit the allegations in the second sentence.

53. The allegations in Paragraph 53 characterize and quote from the 2016 Amended Forest Plan, which speaks for itself and is the best evidence of its contents.

54. The allegations in Paragraph 54 characterize and quote from the 2016 Amended Forest Plan, which speaks for itself and is the best evidence of its contents.

55. The allegations in the first sentence of Paragraph 55 characterize the DEIS and the FEIS, which speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with those documents. The allegations in the second sentence are vague and Defendants deny the allegations on that basis. Defendants admit the remaining allegations in Paragraph 55.

56. The allegations in Paragraph 56 characterize and quote from the 2016 Amended Forest Plan, which speaks for itself and is the best evidence of its contents.

57. Defendants deny the allegations in the first and second sentences of Paragraph 57. With respect to the third sentence, the Forest Service admits that it intends to prepare additional documents, including unit cards and road cards, during implementation, but otherwise denies the allegations in the third sentence of Paragraph 57.

58. The allegations in Paragraph 58 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendants deny the allegations and deny any violation of law.

## "PRAYER FOR RELIEF"

The remaining paragraphs of the Complaint, listed 1-7, constitute Plaintiffs' request for relief to which no response is required. To the extent a further response may be required, Defendants deny that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## GENERAL DENIAL

Defendants deny each and every allegation of the Complaint not otherwise expressly admitted, qualified, or denied herein.

## DEFENSES

1. Plaintiffs failed to adequately identify one or more of their claims during the administrative process, thereby waiving or failing to exhaust such claim(s).

2. The Court lacks jurisdiction over one or more of Plaintiffs' claims.

3. Plaintiffs have failed to establish standing.

WHEREFORE, the United States requests that the Court dismiss the Complaint in its entirety, render judgment for the Defendants and against Plaintiffs, and grant Defendants any further relief that the nature of the case and justice require.

Respectfully submitted on this 2nd day of July, 2019.

        JEAN E. WILLIAMS
        Deputy Assistant Attorney General
        Environment and Natural Resources Division
        United States Department of Justice

        */s/ Erika Norman*
        ERIKA NORMAN
        Trial Attorney
        Natural Resources Section
        4 Constitution Square

150 M Street, N.E., Suite 2.900
Washington, D.C. 20002
Phone: (202) 305-0475
Fax: (202) 514-8865

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Thomas S. Waldo
twaldo@earthjustice.org

Olivia Glasscock
oglasscock@earthjustice.org

*Attorneys for Plaintiffs*

>    */s/   Erika Norman*
>    ERIKA NORMAN
>    Attorney for Defendants