IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SOUTHEAST ALASKA CONSERVATION COUNCIL; ALASKA RAINFOREST DEFENDERS; CENTER FOR BIOLOGICAL DIVERSITY; SIERRA CLUB; DEFENDERS OF WILDLIFE; ALASKA WILDERNESS LEAGUE; NATIONAL AUDUBON SOCIETY; and NATURAL RESOURCES DEFENSE COUNCIL, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES FOREST SERVICE; UNITED STATES DEPARTMENT OF AGRICULTURE; DAVID SCHMID, in his official capacity as United States Forest Service Region 10 Regional Forester; and EARL STEWART, in his official capacity as Forest Supervisor for the Tongass National Forest, <br><br> *Defendants*. | Case No. 1:19-cv-00006-SLG |

**DECLARATION OF ROBERT E. LINDEKUGEL**

I, Robert E. Lindekugel, hereby declare as follows:

1. I am the Grassroots Attorney for the Southeast Alaska Conservation Council (SEACC). SEACC designed this position to blend legal expertise in natural resources and environmental law with grassroots organizing to develop and coordinate legal strategies and the necessary coalitions of parties/interests needed to protect the values and places important to SEACC members. I have been employed by SEACC since 1990. I am closely familiar with SEACC's organizational purposes and goals.

2. On March 2, 1976, the State of Alaska certified SEACC as an Alaska non-profit, member-based organization. Today, we have nearly 800 members, a majority of whom are Alaskans from all walks of life, including commercial fishermen, Alaska Natives, tourism and recreation business owners, small timber operators and high-value-added manufacturers, hunters, and guides. SEACC has members who live in multiple communities across Prince of Wales Island, from Point Baker on the north end to Hydaburg in the south. SEACC members who live on Prince of Wales Island rely on Tongass National Forest lands within the project area for the Prince of Wales Project for various purposes, such as hunting, fishing, bird and wildlife viewing, subsistence, guiding, tourism, other businesses, and outdoor recreation. SEACC members look to SEACC to represent their conservation interests on the Tongass National Forest and protect the unique values that form the foundation of our regional economy and the Southeast Alaska quality of life.

3.    SEACC's mission "is to protect the special places of the world's largest temperate rainforest, promote conservation, and advocate for sustainability in human use of natural resources.  Inspired by the land, wildlife, cultures, and communities of Southeast Alaska, SEACC strives to ensure this interconnected whole exists for future generations."  In order to achieve our mission, SEACC engages in research and analysis, information gathering, public education, advocacy, and litigation.

4.    SEACC and its members have worked consistently over the years to protect the Tongass National Forest, including Prince of Wales Island.  Consistent with the Multiple-Use Sustained-Yield Act, National Environmental Policy Act (NEPA), National Forest Management Act, Alaska National Interest Lands Conservation Act, and the Tongass Timber Reform Act (TTRA), SEACC has advocated for the balanced, sustainable use of all the Tongass National Forest's renewable forest resources, including the commercial, recreational, and subsistence use of our fish and wildlife resources.  We use our public advocacy, education, and organizing efforts to create a legacy of effective partnerships with leaders within the region, and across the state and country.  We led the nearly decade-long grassroots push for passage of the TTRA in 1990.  Our community forest planning efforts, advocacy for restoration and stewardship projects, promotion of renewable energy projects, and land protection campaigns all contribute to our efforts to address conservation, energy, and economic needs throughout the Tongass.  In advocating for these interests, SEACC represents itself and its members.

*Southeast Alaska Conservation Council et al. v. U.S. Forest Service et al.*,    2
Case No. 1:19-cv-00006-SLG
**Exhibit 9, page 3 of 8**

Case 1:19-cv-00006-SLG    Document 10-9    Filed 07/12/19    Page 3 of 8

5.     SEACC and its members will suffer irreparable harm if the Prince of Wales Project proceeds because logging and road building authorized under the project will adversely affect the island's fish and wildlife populations, further degrade the ecological integrity of the island, restrict traditional and customary hunting and fishing activities, and waste taxpayer money.  Activities associated with authorized logging and road building will also create noise and other disturbances that will adversely affect SEACC members' use and enjoyment of the area for recreational and other uses.

6.     SEACC also will be harmed if the Prince of Wales Project proceeds. SEACC has a long-standing organizational interest in both the Tongass and the management by the agencies entrusted to make decisions regarding impacts to the forest, including the decision of the Forest Service regarding the Prince of Wales Project.  As part of our efforts to protect ecological integrity on the Tongass, SEACC has invested significant organizational resources to advocate for the conservation of lands from logging development.  SEACC has also invested substantial resources into public education regarding the Tongass.  SEACC maintains an active website and distributes newsletters, which provide information to our members and the public explaining our concerns regarding Tongass management.

7.     SEACC has fully participated in all the public administrative processes associated with the Forest Service's Prince of Wales Project.  On December 23, 2016, SEACC submitted initial scoping comments on the first Notice of Intent (NOI) published by the Forest Service for the Prince of Wales Project.  On August 7, 2017, SEACC

supplemented its earlier scoping comments with additional comments and accompanying attachments in response to the Corrected NOI published by the agency on July 6, 2017. On December 19, 2017, SEACC and others submitted comments in response to the Forest Service's Draft Statement of Issues and Alternatives.  On June 18, 2018, SEACC and the Alaska Community Action on Toxics submitted written comments and accompanying attachments on the draft environmental impact statement (EIS) published by the Forest Service for public review and comment.  SEACC also signed on to the comments and accompanying materials submitted by Earthjustice on behalf of SEACC and other groups.

8.      On December 21, 2018, SEACC submitted two separate objections to the draft record of decision and final EIS issued by the Forest Service for the Prince of Wales Project. SEACC submitted the first objection with the Alaska Community Action on Toxics and joined the extensive objections submitted by Earthjustice on behalf of SEACC and others.

9.      On May 13, 2019, after completion of the Forest Service's predecisional administrative review process, Earthjustice submitted comments on behalf of SEACC and other clients on the proposed Out-year Plan issued for the implementation phase of the Prince of Wales Project.

10.      SEACC has also advocated for the Prince of Wales Island ecosystem as part of both federal and state legislative, judicial,  and administrative processes: including those pertaining to adoption of the first national forest plan in the United States, the 1979

*Southeast Alaska Conservation Council et al. v. U.S. Forest Service et al.*,      4
Case No. 1:19-cv-00006-SLG
**Exhibit 9, page 5 of 8**

Case 1:19-cv-00006-SLG      Document 10-9      Filed 07/12/19      Page 5 of 8

Tongass Land Management Plan; passage of the 1980 Alaska National Interest Lands Conservation Act and 1990 Tongass Timber Reform Act; the Forest Service's subsequent revision and amendments to the Tongass Land Management Plan in 1997, 2003, 2008, and 2016; the establishment and subsequent enlargement by the Alaska State Legislature of the State's Southeast State Forest in 2010 and 2011 and the adoption of its management plan by the Alaska Department of Natural Resources in 2016; the application of the 2001 Roadless Areas Conservation Rule on the Tongass; and multiple specific federal timber sale projects on Prince of Wales Island, including the Central Prince of Wales, Lab Bay, Polk Inlet, Chasina, Control Lake, Cholmondeley, Logjam, and the Big Thorne timber sales. SEACC has litigated several Tongass land management decisions and timber sales, including a 1994 challenge to the Central Prince of Wales timber sale under the Ketchikan Pulp long-term contract; *SEACC v. Powell*, No. J97-032CV (D. Alaska) (challenging the Lab Bay timber sale after termination of the Ketchikan Pulp long-term contract); *SEACC v. Rey*, No. J03-025 CV (D. Alaska) (challenging the Polk Inlet, Chasina, and Control Lake timber sales); *NRDC v. U.S. Forest Service*, No. J03-029CV (D. Alaska) (challenging the 1997 Forest Plan and multiple timber sales authorized under it); and *In re Big Thorne Project and 2008 Tongass Forest Plan*, No. 15-35232 (9th Cir.) (challenging the Big Thorne timber sale and the 2008 Forest Plan.)

11. In sum, the agency authorized a wide array of old-growth logging and new road construction in the Prince of Wales Project Record of Decision without providing

*Southeast Alaska Conservation Council et al. v. U.S. Forest Service et al.*,    5
Case No. 1:19-cv-00006-SLG
**Exhibit 9, page 6 of 8**

Case 1:19-cv-00006-SLG    Document 10-9    Filed 07/12/19    Page 6 of 8

decision-makers and the public with the detailed, site-specific analysis necessary for making reasoned choices among the proposed action alternatives. Instead of deferring decisions regarding specific logging and road construction activities until after the agency disclosed and evaluated the precise timing, size, and location of those activities, including the selection of appropriate design components or mitigation measures, the Forest Service prematurely approved the Selected Alternative. Logging and road building activities authorized under the Selected Alternative will adversely affect the interests of SEACC and its members, including members who live near or visit the areas regularly that will be directly harmed by logging and road building activities. Logging development activities will harm the special values of Prince of Wales Island, including the fish and wildlife SEACC and its members use for commercial, recreational, or subsistence purposes.

12. The process followed by Forest Service to authorize old-growth logging and new road construction for the Prince of Wales Project denied SEACC and its members the opportunity to participate in a fully informed public process. Subsequent actions and processes taken <u>after</u> the agency made its go-no-go decision harm SEACC and its members by denying us the opportunity to participate in a fully informed public process that fully and carefully considers information relevant to environmental concerns <u>before</u> the agency decided what, where, and how such activities will proceed. By approving the Prince of Wales Project pursuant to this unlawful NEPA analysis, the Forest Service's actions harm SEACC and its members' interests in the rule of law.

I declare under penalty of perjury that the foregoing declaration is true and correct.

Dated:  July 2, 2019          By:    Robert E. Lindekugel