JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

Erika Norman, CA Bar # 268425
Trial Attorney
Natural Resources Section
4 Constitution Square
150 M Street, NE, Suite 2.900
Washington, DC 20004
Phone: (202) 305-0475
Fax: (202) 305-0506
Erika.Norman@usdoj.gov

*Attorneys for all Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SOUTHEAST ALASKA CONSERVATION COUNCIL, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES FOREST SERVICE, *et al.*,<br><br>    Defendants | Case No. 1:19-cv-00006-SLG |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

On September 23, 2019, the Ninth Circuit issued a decision in *Protect Our Communities Foundation v. Lacounte*, upholding the Bureau of Indian Affairs' ("BIA's") decision to lease tribal land for an industrial-scale wind facility. 939 F.3d 1029 (9th Cir. 2019). Three months later, Plaintiffs filed a notice of supplemental authority pursuant to Local Rule 7.1(d)(1) to purportedly bring the Court's attention to this "pertinent and significant decision." Pls.' Notice at 2. Putting aside Plaintiffs' failure to "promptly" file their notice as directed by the local rule, the Ninth Circuit's decision in *Protect Our Communities* supports a grant of summary judgment in favor of the government, not Plaintiffs.

The Prince of Wales Landscape Level Analysis environmental impact statement ("EIS") at issue in this case, like the EIS that was upheld in *Protect Our Communities*, is a site-specific, project-level EIS. *See* Defs.' Principal Br. in Opp'n to Summ. J. ("Defs.' Br.") at 16-24, ECF No. 12. Plaintiffs attempt to capitalize on the *Protect Our Community* opinion's language distinguishing program- from project-level EIS analyses. But the discussion of programmatic EISs reflected in Plaintiffs' notice has limited relevance to this case, which centers on whether the Forest Service's *project*-level Prince of Wales Landscape Level Analysis EIS was site-specific enough to identify environmental effects.

To the extent the case is relevant, the Ninth Circuit's decision to uphold the EIS in *Protect Our Communities* and allow the BIA lease to move forward without further NEPA analysis supports granting summary judgment in favor of the government. As in *Protect Our Communities*, the final Prince of Wales Landscape Level Analysis EIS was

SEACC, et al. v. U.S. Forest Service, et al., 1
1:19-cv-00006-SLG
Case 1:19-cv-00006-SLG   Document 32   Filed 12/30/19   Page 2 of 4

comprehensive and site-specific enough to identify likely effects on the environment. *See* Defs.' Br. at 16-27. And consistent with *Protect Our Communities*, the fact that the Forest Service anticipated further confirmatory analysis does not render its EIS inadequate. *See* Defs.' Br. at 22.

Dated: December 30, 2019

JEAN E. WILLIAMS
Deputy Assistant Attorney General
U.S. Department of Justice

*/s/ Erika Norman*
ERIKA NORMAN
Trial Attorney
Natural Resources Section
4 Constitution Square
150 M Street, NE, Suite 2.900
Washington, DC 20004
Phone: (202) 305-0475
Fax: (202) 305-0506
erika.norman@usdoj.gov

*Counsel for Federal Defendants*

*SEACC, et al. v. U.S. Forest Service, et al.,*  2
1:19-cv-00006-SLG
Case 1:19-cv-00006-SLG   Document 32   Filed 12/30/19   Page 3 of 4

# CERTIFICATE OF COMPLIANCE WITH WORD LIMIT

I certify that this brief contains 307 words, excluding items exempted by Local Civil Rule 7.4(a)(4), and complies with the 350-word limit in Local Civil Rule 7.1(d)(1).

Respectfully submitted this 30th day of December, 2019.

/s/ *Erika Norman*
Erika Norman

*SEACC, et al. v. U.S. Forest Service, et al.,* 3
1:19-cv-00006-SLG
Case 1:19-cv-00006-SLG   Document 32   Filed 12/30/19   Page 4 of 4