PRERAK SHAH
Deputy Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

Erika Norman, CA Bar # 268425
Trial Attorney
Natural Resources Section
4 Constitution Square
150 M Street, NE, Suite 2.900
Washington, DC 20002
Phone:  (202) 305-0475
Fax:  (202) 305-0506
Erika.Norman@usdoj.gov

*Attorneys for all Defendants*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SOUTHEAST ALASKA CONSERVATION COUNCIL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES FOREST SERVICE, *et al.*, <br><br> Defendants | ) <br> ) <br> ) Case No. 1:19-cv-00006-SLG <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANTS' REPLY TO PLAINTIFFS' SUPPLEMENTAL BRIEF ADDRESSING REMEDY

In their initial brief addressing remedy, Plaintiffs broadened the scope of relief sought in their Complaint. *See* Compl. p. 19 (asking the court to "set aside the Record of Decision or portions of it deemed not in compliance with law"). The judicial intervention they now seek also goes beyond the partial vacatur of the Prince of Wales Landscape Level Analysis Project ("POWLLA") Record of Decision ("ROD") that, as Defendants have shown in their opening brief addressing remedy, would fully redress the injuries at issue in this case. Plaintiffs now ask the Court to partially vacate the POWLLA Final Environmental Impact Statement ("FEIS").[1] But Plaintiffs have failed to demonstrate that such vacatur is either necessary or appropriate. In fact, it is neither.

## Argument

Partially vacating the POWLLA FEIS would violate the bedrock principle of judicial review under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551 et seq., that upon finding an agency's action to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2), the appropriate remedy is to remand the matter back to the agency for "further consideration." *Vt. Yankee Nuclear Power Corp. v. NRDC*, 435 U.S. 519, 549 (1978) (internal quotation marks omitted). "[T]he function of the reviewing court ends when an error of law is laid bare." *Fed. Power Comm'n v. Idaho Power Co.*, 344 U.S. 17, 20 (1952). Indeed, once the reviewing court vacates the challenged agency decision, the court should refrain from

---

[1] As with the ROD, Plaintiffs ask the Court only to partially vacate the FEIS, leaving intact those portions of the analysis that support watershed improvement and restoration and recreation activities, which Plaintiffs do not challenge in this lawsuit. Pls.' Supp. Br. Addressing Remedy 3, ECF No. 47.

dictating the agency's path forward.  *See INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002)

("the proper course, except in rare circumstances, is to remand to the agency for

additional investigation or explanation") (quoting *Fla. Power & Light Co. v. Lorion*, 470

U.S. 729, 744 (1985)); *Fed. Power Comm'n v. Transcon. Gas Pipe Line Corp.*, 423 U.S.

326, 333 (1976) (upon remand, a reviewing court may not "proceed by dictating to the

agency the methods, procedures, and time dimension of the needed inquiry").  A court is

not to "substitute its judgment for that of the agency" by dictating how that agency

should comply with the law in the future.  *Citizens to Pres. Overton Park, Inc. v. Volpe*,

401 U.S. 402, 416 (1971), *abrogated by Califano v. Sanders*, 430 U.S. 99 (1977).

　　When a reviewing court finds that an agency failed to comply with the National

Environmental Policy Act ("NEPA"), the court should remand the matter to the agency to

determine how best to comply with the law and should not direct preparation of a

particular type of analysis or dictate the content of that analysis.  *See, e.g., Ctr. for*

*Biological Diversity v. Nat'l Highway Traffic Safety Admin.*, 538 F.3d 1172, 1178–80

(9th Cir. 2008) (finding that the court should defer to agency's decision on remand

whether to prepare an EA or full EIS); *Jones v. Gordon*, 792 F.2d 821, 829 (9th Cir.

1986) ("We emphasize, however, that we disagree with the district court's conclusion

that the Service must prepare [an EIS] . . . . Rather, the Service must consider the

requirements of NEPA and regulations thereunder, and must provide a reasoned

explanation of whatever course it elects to pursue.").

　　Here, any decisions about whether and how to use the POWLLA FEIS as part of

future agency decision-making should be made in the first instance by the Forest Service.

Plaintiffs will have the opportunity to challenge the path ultimately selected by the agency if and when the agency issues a new decision authorizing timber harvest and road construction on Prince of Wales Island. Only at that time would a challenge to future actions or sales based on the FEIS be ripe.

In their opening brief addressing remedy, Plaintiffs make three principle arguments in favor of partially vacating the POWLLA FEIS. None have merit.

*First*, Plaintiffs argue that it is appropriate for the Court to vacate the POWLLA FEIS to prevent the Forest Service from tiering to that document for future timber sales or road construction activities, because the Forest Service could incorporate by reference information from the vacated EIS into a new NEPA document. Pls.' Supp. Br. Addressing Remedy 4-5. Prohibiting the Forest Service from tiering to the POWLLA FEIS before the agency has determined whether it would be appropriate to do so in the context of a specific future project is precisely the kind of micromanagement of agency decision-making that courts should avoid. Further, the premise of Plaintiffs' argument— that incorporation by reference would make a good substitute for tiering—is wrong. Tiering allows the agency to explain and evaluate the environmental impact of the decision in question using previous NEPA analysis. *See* 40 C.F.R. § 1508.28 ("Tiering refers to the coverage of general matters in broader environmental impact statements (such as national program or policy statements) with subsequent narrower statements or environmental analyses . . . incorporating by reference the general discussions and concentrating solely on the issues specific to the statement subsequently prepared."). By contrast, incorporation by reference merely allows the agency to "incorporate by

*SEACC, et al. v. U.S. Forest Service, et al.,*     3
1:19-cv-00006-SLG
Case 1:19-cv-00006-SLG   Document 49   Filed 05/19/20   Page 4 of 10

reference certain materials to cut down on the bulk of an EIS." *Kern v. BLM*, 284 F.3d

1062, 1073 (9th Cir. 2002).  Incorporation by reference can be a part of tiering (*see* 40

C.F.R. § 1508.28), but is not a substitute for it.  Plaintiffs' proposal would cause

Defendants to lose the value of the lengthy, participatory process that resulted in the

FEIS.

For the reasons articulated in Defendants' opening supplemental brief addressing

remedy, the delay caused by prohibiting the agency from tiering to the POWLLA FEIS

for any future timber sale and road construction projects—including, for example,

smaller discrete micro sales of a few trees, young growth sales, or discrete old growth

sales—would inflict significant harm Southeast Alaska's timber industry and the local

communities that depend on a steady supply of Tongass timber.  Defs.' Supp. Br.

Addressing Remedy 8-11, ECF No. 46.  Were the Forest Service to determine, for

example, that a programmatic approach is the best way to meet its disclosure obligations,

without the POWLLA FEIS the agency would need to issue a whole new programmatic

EIS before even getting to specific projects, a process that would involve the costly and

inefficient duplication of much of the effort that went into this FEIS and is likely take at

least two years.  *See* Decl. of Earl Stewart ¶¶ 3-5.  By contrast, Plaintiffs would suffer no

harm if the option of tiering is left open.  Plaintiffs could challenge the POWLLA FEIS

as a programmatic document in the context of a future project that tiers to it, when that

challenge is ripe and when the scope and dimensions of that project are known.  *See*

*Oregon Nat. Res. Council, Inc. v. Grossarth*, 979 F.2d 1377, 1379 (9th Cir. 1992)

*SEACC, et al. v. U.S. Forest Service, et al.,*                                                                                                4
1:19-cv-00006-SLG
Case 1:19-cv-00006-SLG   Document 49   Filed 05/19/20   Page 5 of 10

(challenge to future sale unripe where "the nature and effect of that sale cannot yet be assessed").

*Second*, Plaintiffs argue that the Court should vacate the POWLLA FEIS because it was not originally issued as a programmatic document. Pls.' Supp. Br. Addressing Remedy 6. As an initial matter, the regulations do not require a particular label designating an FEIS as "project" or "programmatic,"[2] and Plaintiffs have not shown they would endure any harm going forward resulting from the fact that the document was not originally titled "programmatic." In fact, Plaintiffs' counsel previously likened the POWLLA FEIS to a programmatic document, and only objected to its use as such insofar as future project-specific NEPA documents may not add sufficient site-specific analyses. *See* Tr. of Oral Argument on Mot. for Summ. J. at 6:7-7:7 (Feb. 7, 2020).

The Forest Service's prior use of the document to analyze the impacts of a specific project is also not a reason to vacate it. The POWLLA FEIS underwent NEPA review and remains valid for any purpose other than to serve as stand-alone support for the site-specific timber sale and road construction activities at issue in this case.[3] *See* Decision and Order 32. If the Forest Service determines the POWLLA FEIS is incomplete as a programmatic document in its current form, the Forest Service can follow NEPA

---

[2] *See Concerned About Trident v. Rumsfeld,* 555 F.2d 817, 825 (D.C. Cir. 1976) ("[I]t would be a highly artificial and superficial rule which would look merely to the label attached to a project, program, etc. for its application."). Further, the POWLLA FEIS was intended to analyze numerous activities across a large landscape over a fifteen-year period, and therefore qualifies as a "broad environmental impact statement" under 40 C.F.R. § 1502.20.

[3] *Cf. Kern v. BLM*, 284 F.3d 1062, 1073 (9th Cir. 2002) ("tiering to a document that has not itself been subject to NEPA review is not permitted").

procedures to supplement that document's programmatic analysis. *See* 40 C.F.R. §

1502.9.  Vacating the FEIS would also prevent the Forest Service from attempting to fix

the deficiencies in the POWLLA FEIS by supplementing it as a project-level document.

In either case, requiring the agency to restart a multi-year process, when an effective cure

might be developed much faster using the existing NEPA document, unnecessarily

burdens the agency and delays the economic benefits to communities that depend on the

timber industry.

In addition, the Forest Service's use of the POWLLA FEIS (or a revised version

thereof) would not be unfair to Plaintiffs, as they suggest.  Even if a challenge to the

POWLLA FEIS as a programmatic document were ripe now (it is not), Plaintiffs'

Complaint in this case challenged the adequacy of the FEIS in the context of site-specific

timber harvest and roadbuilding activities that will now be precluded under the partial

vacatur of the ROD Defendants have advocated, Plaintiffs should not be permitted to

broaden their claims at this stage in the litigation.  Relief here should be limited to the

claims Plaintiffs raised and on which they prevailed.  The Forest Service is merely asking

the Court to leave open the option of tiering to the POWLLA FEIS in the event the

agency determines it would be appropriate to do so in the context of specific future

projects.  If and when the Forest Service exercises that option, Plaintiffs can challenge

both the specific project and the programmatic FEIS.

*Third*, Plaintiffs argue that the POWLLA FEIS should be vacated because the

Forest Service would need to issue a supplemental EIS before it could repurpose the

existing FEIS as a programmatic document.  The Court need not—and should not—

*SEACC, et al. v. U.S. Forest Service, et al.,*                                                    6
1:19-cv-00006-SLG

decide whether the Forest Service's potential future use of the POWLLA FEIS must be preceded by a supplemental EIS; that question is not before the Court.  In any event, Plaintiffs' argument that a supplement would be required is not supported by the regulations, 40 C.F.R. § 1502.9(c)(1), which require supplementation where the "agency makes substantial changes in the proposed action that are relevant to environmental concerns" or "[t]here are significant new circumstances or information relevant to environmental concerns and bearing on the proposed action or its impacts."  Treating a project-specific EIS as a programmatic EIS would not implicate either circumstance.

Even if Plaintiffs were correct that a supplemental EIS should be issued, this is not a reason to vacate the POWLLA FEIS.  The Forest Service has yet to confront the issue,[4] but Plaintiffs would have the opportunity to challenge the Forest Service's decision if and when the agency either determines than a supplemental EIS is not necessary or prepares and issues one.  Indeed, the possibility that the Forest Service could address any issues with the POWLLA FEIS through supplementation actually undermines Plaintiffs' argument that vacatur is appropriate.

In sum, even partial vacatur of the POWLLA FEIS is not necessary or appropriate in this case.  Plaintiffs never requested this remedy before their opening supplemental brief, despite their characterization in briefing of the EIS as "programmatic" (Pls.' Reply

---

[4] As explained in Defendants' opening supplemental brief, Plaintiffs' speculation of improper agency conduct in the future is not a valid basis for the Court to restrict future agency decision-making.  Defs.' Supp. Br. Addressing Remedy 7-8.  There is no reason the Forest Service could not select a path forward consistent with the Court's Decision and Order with the POWLLA FEIS left in place.

Br. 1, 4-5, ECF No. 19 ("What the government has described could potentially be proper for a programmatic plan.")). In their Complaint, Plaintiffs requested declaratory and injunctive relief and vacatur or partial vacatur of the ROD. *See* Compl. 19, ECF No. 1. They did not request vacatur of the FEIS. And Plaintiffs' position was that further briefing on remedy beyond the motions for summary judgment was unnecessary. *See* Pls.' Reply Br. 1, 20-21. Vacatur of the POWLLA FEIS is not only unnecessary to fully redress Plaintiffs' injuries, but inappropriate and tantamount to the Court interfering in the administrative process for future decision-making. *See supra* pp. 1-2. Until the agency takes some further action, the POWLLA FEIS has no real-world effects, and there is no reason to vacate it. The Court found that the FEIS could not support the decision that had been made by the agency, but was never presented with the question of whether the FEIS, independent of the decision being challenged, was (or could be) adequate. Here, if the agency were to use the current FEIS (or a revised version thereof) as a programmatic document to which a project decision later tiers, Plaintiffs can determine at that time whether they believe the combination of the programmatic EIS and the project-level NEPA documentation satisfies NEPA's twin aims. If they believe it does not, they can bring suit, and the court can then make the same evaluation.

## Conclusion

Defendants respectfully submit that the appropriate remedy in this case is for the Court to remand the matter to the Forest Service for further decision-making consistent with the Court's Decision and Order, and to allow the Forest Service to implement the watershed improvement, restoration, and recreation components of the Project.

*SEACC, et al. v. U.S. Forest Service, et al.,*                                                                8
1:19-cv-00006-SLG

Dated: May 19, 2020

PRERAK SHAH
Deputy Assistant Attorney General
U.S. Department of Justice

*/s/ Erika Norman*_____
ERIKA NORMAN
Trial Attorney
Natural Resources Section
4 Constitution Square
150 M Street, NE, Suite 2.900
Washington, DC 20002
Phone: (202) 305-0475
Fax: (202) 305-0506
erika.norman@usdoj.gov

*Counsel for Defendants*