Thomas S. Waldo
Olivia Glasscock
EARTHJUSTICE
325 Fourth Street
Juneau, AK 99801
T: 907.586.2751
E: twaldo@earthjustice.org
E: oglasscock@earthjustice.org

*Attorneys for Plaintiffs Southeast Alaska Conservation Council; Alaska Rainforest Defenders; Center for Biological Diversity; Sierra Club; Defenders of Wildlife; Alaska Wilderness League; National Audubon Society; and Natural Resources Defense Council.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SOUTHEAST ALASKA CONSERVATION COUNCIL; ALASKA RAINFOREST DEFENDERS; CENTER FOR BIOLOGICAL DIVERSITY; SIERRA CLUB; DEFENDERS OF WILDLIFE; ALASKA WILDERNESS LEAGUE; NATIONAL AUDUBON SOCIETY; and NATURAL RESOURCES DEFENSE COUNCIL, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES FOREST SERVICE; UNITED STATES DEPARTMENT OF AGRICULTURE; DAVID SCHMID, in his official capacity as United States Forest Service Region 10 Regional Forester; and EARL STEWART, in his official capacity as Forest Supervisor for the Tongass National Forest, <br><br> *Defendants*. | Case No. 1:19-cv-00006-SLG |

**APPLICATION FOR ATTORNEY'S FEES AND EXPENSES
UNDER 28 U.S.C. § 2412**

Southeast Alaska Conservation Council, Alaska Rainforest Defenders, Center for Biological Diversity, Defenders of Wildlife, and Alaska Wilderness League (Applicants) apply for an award of attorney's fees of $300,781.00 and expenses of $655.32 under Local Rule 54.2 and the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA).

EAJA provides that in a civil action against the United States a court shall award costs, fees, and expenses to eligible prevailing parties unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.  28 U.S.C. § 2412(a)(1); *id.* § 2412(d)(1)(A).  Applicants qualify for attorneys' fees under EAJA because:  (1) the motion is timely; (2) Applicants are the prevailing parties; (3) Applicants are eligible under EAJA for recovering fees and costs; and (4) no exception to EAJA applies.  Applicants' fee request is reasonable, because their rates are reasonable and they only seek to recover for the hours necessarily expended on the litigation.  The expenses sought are those reasonably incurred in the litigation.

## I.      Applicants' motion is timely.

EAJA requires that a motion for attorneys' fees and costs be filed "within thirty days of final judgment in the action."  28 U.S.C. § 2412(d)(1)(B).  A "final judgment" is one that is "not appealable."  *Id.* § (d)(2)(G).  Defendants initially appealed this Court's judgment, Doc. 56, but filed a motion for voluntary dismissal on October 20, 2020.  Mot. to Voluntarily Dismiss Appeal, *Se. Alaska Conservation Council v. U.S. Forest Serv.*,

No. 20-35738 (9th Cir. Oct. 20, 2020).  The Ninth Circuit Court of Appeals entered an

Order dismissing the appeal on October 22, 2020, Order, *id.* (Oct. 22, 2020), rendering

the judgment no longer appealable.  This application is filed within thirty days of that

order and is therefore timely.

## II.  Applicants are prevailing parties.

A prevailing party is one who achieves a "material alteration of the legal

relationship of the parties" that is "judicially sanctioned."  *Carbonell v. INS*, 429 F.3d

894, 898 (9th Cir. 2005) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of

Health & Human Res.*, 532 U.S. 598, 604-05 (2001)).  Success "on any significant issue

in litigation which achieves some of the benefit the parties sought in bringing suit" is

sufficient.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quotation marks omitted).

Applicants are prevailing parties because they prevailed on each of the three

claims they raised in their complaint, and the Court ordered all of the relief they sought.

## III.  Applicants are eligible to receive an EAJA award.

Each of the Applicants is eligible for an award of fees under EAJA.  When the

complaint was filed, the groups had fewer than 500 full-time employees and were exempt

from taxation under § 501(c)(3) of the Internal Revenue Code.  See 28 U.S.C.

§ 2412(d)(2)(B); Exs. 1-5 (Applicant declarations).

Three of the Plaintiffs in this case—Sierra Club, National Audubon Society, and

Natural Resources Defense Council—are not eligible for an award under EAJA.  They do

not join this application, and Applicants do not seek recovery for any fees or costs attributable exclusively to those Plaintiffs. *See* Ex. 6 at 4, ¶ 9 (Waldo declaration).

## IV. Defendants cannot meet their burden of showing that an exception to EAJA applies.

Under EAJA, an award of fees to an eligible prevailing party is mandatory unless "the position of the United States was substantially justified or . . . special circumstances make an award unjust." *Abela v. Gustafson*, 888 F.2d 1258, 1261 (9th Cir. 1989) (quoting 28 U.S.C. § 2412(d)(1)(A)); *id.* at 1266 (describing the award as "mandatory" when no exception applies). It is the government's burden to show that one of these exceptions applies. *Ibrahim v. U.S. Dep't of Homeland Security*, 912 F.3d 1147, 1167 (9th Cir. 2019) (en banc).

"Substantially justified" means that the government's position "is one that 'a reasonable person could think it correct, that is, [that the position] has a reasonable basis in law and fact.'" *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565, 566 n.2 (1988)). The court evaluates both the agency's underlying conduct and that of its attorneys during the litigation. *Id.* at 1168. "The test is an inclusive one; we consider whether the government's position 'as a whole' has 'a reasonable basis in both law and fact.'" *Id.* (quoting *Gutierrez v. Barnhart*, 274 F.3d 1255, 1259 (9th Cir. 2001)); *see* 28 U.S.C. § 2412(d)(2)(D). EAJA "favors treating a case as an inclusive whole, rather than as atomized line-items." *Ibrahim*, 912 F.3d at 1169 (quoting *Commissioner, INS v. Jean*,

496 U.S. 154, 161-62 (1990)). It is not enough if some of the government's arguments "passed the straight face test." *Id.* at 1171.

Defendants cannot meet this burden. In the Prince of Wales timber sale project, the Forest Service departed from its longstanding practice by failing to include site-specific details or unit cards in the process required by the National Enviornmental Policy Act (NEPA). That longstanding practice, though, was mandated by a Ninth Circuit case directly on point—indeed from the same national forest. *City of Tenakee Springs v. Block*, 778 F.2d 1402 (9th Cir. 1985). It was further mandated by the agency's own forest plan for the Tongass. *See* Doc. 40 at 40. The government's principal defenses were not ones that a reasonable person would find correct.

The Forest Service's argument that the Court should not follow *City of Tenakee Springs* was that the Ninth Circuit in that case misstated the underlying facts in one sentence. This Court dismissed that argument easily, noting that "regardless of that statement's factual accuracy, the Circuit's reasoning is still binding precedent." Doc. 40 at 22. The Forest Service never made an argument that *City of Tenakee Springs* should be overruled, and the agency declined to pursue an appeal. When the government's position was "based on an erroneous conclusion of law," it is an abuse of discretion for a district court to find that the government was substantially justified. *Mendenhall v. National Transp. Safety Bd.*, 92 F.3d 871, 874 (9th Cir. 1996).

The Forest Service's new position on the forest plan's "unit card" requirement was no better justified. In this Court, the Forest Service raised a different argument from those advanced in the NEPA process below, asserting that the forest plan provision was ambiguous. Doc. 40 at 41-42. This Court found "no ambiguity," *id.* at 42, and found further that the agency's position was entitled to no deference since it was a post hoc rationalization, departing from the rationales offered below and raised "only in its briefing to this Court . . . ." *Id.* at 44. In these circumstances, the shifting positions were not substantially justified. *See Int'l Woodworkers, AFL-CIO, Local 3-98 v. Donovan*, 792 F.2d 762, 765 (9th Cir. 1985) ("When the government acts inconsistently, and subsequently loses a civil suit challenging its behavior, it should be obliged to make an especially strong showing that its legal arguments were substantially justified in order to avoid liability for fees under the EAJA." (emphasis, internal quotation marks, and citation omitted)).

Applicants are unaware of any special circumstances that would make an award of fees unjust. *See* 28 U.S.C. § 2412(d)(1)(A).

## V.     Applicants' fee request is reasonable.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. As explained below, Applicants seek fees only for hours reasonably expended, at reasonable hourly rates. The hours requested and the

hourly rates are explained in detail in the declaration of Thomas S. Waldo, attached as Exhibit 6.

### A. Some of Applicants' attorneys are entitled to enhanced rates.

EAJA establishes a maximum fee recovery rate of $125 per hour that is adjusted upward for inflation to account for cost of living increases. *See Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001) (prescribing method for calculating cost of living increases). The inflation-adjusted rates for the period of this litigation are $205.25 for 2019 and $206.77 for the first half of 2020. *See* Statutory Maximum Rates Under the Equal Access to Justice Act, https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039. A court may award a higher rate based on "a special factor, such as the limited availability of qualified attorneys for the proceedings involved." 28 U.S.C. § 2412(d)(2)(A). The special factor provision

> refers to attorneys having some distinctive knowledge or specialized skill needful for the litigation in question—as opposed to an extraordinary level of the general lawyerly knowledge and ability useful in all litigation. Examples of the former would be an identifiable practice specialty such as patent law, or knowledge of foreign law or language.

*Pierce*, 487 U.S. at 572.

Environmental litigation is an identifiable practice specialty meriting enhanced fees. *See Nat. Res. Def. Council v. Winter*, 543 F.3d 1152, 1159-60 (9th Cir. 2008). Earthjustice, a nonprofit environmental law firm formerly known as the Sierra Club

Legal Defense Fund (SCLDF), routinely obtains fee enhancements for its attorneys' special expertise in environmental litigation. *See*, *e.g.*, *Pollinator Stewardship Council v. U.S. EPA*, 2017 WL 3096105, at \*2-\*5 (9th Cir. June 27, 2017); *Citizens for Better Forestry v. U.S. Dep't of Agric.*, No. 08-01927 CW, 2010 WL 3222183, at \*1, \*4-\*8 (N.D. Cal. Aug. 13, 2010); *Portland Audubon Soc'y. v. Lujan*, 865 F. Supp. 1464, 1475-76 (D. Or. 1994); *Washington Dep't of Wildlife v. Stubblefield*, 739 F. Supp. 1428, 1432-33 (W.D. Wash. 1989) ("the combination of substantive legal knowledge and litigation expertise possessed by SCLDF attorneys is found almost exclusively in public interest law firms like the Legal Defense Fund"). In addition to the attorney having specialized skills required by the litigation, these skills must not be available elsewhere at the statutory rate. *Winter*, 543 F.3d at 1158.

This case required distinctive knowledge and specialized skills in the area of federal environmental litigation involving national forest timber sales that the attorneys who represent the Applicants possess. The necessary skills and knowledge would not have been available elsewhere at the statutory rate, or probably at any rate. *See* Ex. 6 at 9-10, ¶ 21 (Waldo declaration). Therefore, Applicants seek reasonable enhanced rates for the more experienced of these attorneys based on the prevailing market rate for attorneys of equivalent specialization, skill, and experience. *See id.* at 7-9, ¶¶ 16-18.

## B. Applicants' hours are reasonable.

"By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won,

and might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Applicants seek fees for the time summarized in the declaration of counsel. *See* Ex. 6 at 2-6 ¶¶ 5-13 & Attachment 1 (Waldo declaration). Applicants' counsel has made "a good faith effort to exclude from [the] fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434; *see* Ex. 6 at 4, 6, ¶¶ 9, 13 (Waldo declaration).

### C. Applicants' expenses are reasonable.

Applicants are also entitled to recover their costs and other expenses under EAJA. 28 U.S.C. § 2412(a)(1), (d)(1)(A). Recoverable expenses include those "ordinarily billed to a client," such as phone calls, postage, and attorney travel expenses. *Int'l Woodworkers, AFL-CIO, Local 3-98*, 792 F.2d at 767.

Applicants seek $655.32 in costs and expenses incurred in this litigation, described in Attachment 2 to the Waldo Declaration. Ex. 6. These reasonably expended costs include filing fees, Pacer charges, postage, copying, and phone calls.

### CONCLUSION

For the foregoing reasons, Applicants respectfully request that the Court order Defendants to pay $300,781.00 in attorney's fees and $655.32 in other expenses.

Respectfully submitted this 23rd day of November, 2020.

s/ Thomas S. Waldo
Thomas S. Waldo (AK Bar No. 9007047)
Olivia Glasscock (AK Bar No. 1809072)
EARTHJUSTICE

*Attorneys for Southeast Alaska Conservation Council; Alaska Rainforest Defenders; Center for Biological Diversity; Sierra Club; Defenders of Wildlife; Alaska Wilderness League; National Audubon Society; and Natural Resources Defense Council.*

*Southeast Alaska Conservation Council et al. v. U.S. Forest Service et al.*,     9
Case No. 1:19-cv-00006-SLG

**CERTIFICATE OF COMPLIANCE WITH WORD LIMIT**

I certify that this brief contains 1,936 words, excluding items exempted by Local

Civil Rule 7.4(a)(4), and complies with the word limit of Local Civil Rule 7.4(a)(1).

Respectfully submitted this 23rd day of November, 2020.

<div style="margin-left:40%">

_s/ Thomas S. Waldo_
Thomas S. Waldo

</div>